AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Andanie Antonio Mondragon<br><br>*Defendant(s)* | )<br>)<br>) Case No. CR 16 402 MAG<br>)<br>)<br>)<br>) |

FILED
2016 SEP 23  P 2:15
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 22, 2016__ in the county of __Santa Rosa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(B) | Possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine |
| 18 U.S.C. § 924(c) | Carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime |

This criminal complaint is based on these facts:

See attached affidavit of DEA Special Agent Patrick O'Kain.
(Approved as to form: _____ AUSA Frank Riebli)

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Patrick O'Kain, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9-23-16

_____
*Judge's signature*

City and state: San Francisco, CA

Hon. Sallie Kim, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF DEA SPECIAL AGENT PATRICK O'KAIN

I, Special Agent Patrick O'Kain, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION

1. I make this affidavit in support of an application for a criminal complaint charging:

Andanie Antonio MONDRAGON

with possession of 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and with carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

2. The statements contained in this affidavit are based on my own investigation, my training and experience as a law enforcement agent, information provided to me by or through other law enforcement agents, investigators and individuals with knowledge of this matter, and through my review of documents related to this investigation. This affidavit summarizes such information in order to show that there is probable cause to believe that MONDRAGON violated the statutes listed above.

## II. AGENT BACKGROUND

3. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). As such, I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

4. I am a Special Agent employed by the Department of Justice, Drug Enforcement Administration (DEA), and have been so since January 2013. I am currently assigned to the Santa Rosa Resident Office of the San Francisco Field Division. I am authorized and presently assigned to investigate and enforce violations of the Controlled Substance Act and other violations of federal law. During my employment with DEA, I received four and one half months of full-time, formalized training at the DEA Basic Agent Training Academy in Quantico, Virginia. This training included, but was not limited to, drug identification, detection, interdiction, undercover operations, money laundering techniques, transportation, concealment, and sales of drugs, as well as the investigation of individuals and organizations involved in the smuggling, cultivation, manufacturing, and illicit trafficking of

AFFIDAVIT IN SUPPORT OF COMPLAINT

1

controlled substances, including methamphetamine and heroin.

5. My training and experience is based on my formal training, as well as the knowledge of other Special Agents of the DEA, other federal agencies, and state and local law enforcement officers who are experienced in the field of investigating controlled substance violations. Additionally, I have had contact with drug traffickers and informants and have discussed with them the manufacture, importation, concealment, packaging, sales, use, distribution, and transportation methods utilized by drug traffickers and drug trafficking organizations (DTOs). As a result, I have become familiar with the operations and the various tools, methods, trends, paraphernalia, conveyances, and related articles utilized by various traffickers in their efforts to manufacture, import, conceal, package, sell, use, distribute, and transport drugs.

6. Over the course of my career at DEA, I have been involved in investigations of numerous criminal offenses, including those offenses related to this current investigation. I have participated in numerous investigations of illicit drug trafficking organizations, ranging from street level dealers to major dealers. These investigations have included the use of confidential informants; undercover agents; the analysis of pen register, trap and trace, and toll records; physical surveillance; and the execution of search warrants. These investigations have also included the unlawful importation, possession with intent to distribute, and distribution of controlled substances, the related laundering of monetary instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities, and conspiracies associated with criminal narcotics offenses. I have participated in investigations involving seizures of cocaine, methamphetamine, heroin, LSD, 3,4-methylenedioxymethamphetamine (also known as MDMA, or Ecstasy), and marijuana.

7. I have participated in three federal investigations in which court-authorized wire interceptions were used in drug trafficking and money laundering operations. During these investigations, I listened to and deciphered conversations between drug traffickers in which they discussed their criminal activities in coded language, the meanings of which were later corroborated by surveillance observations or defendants' statements, and I have participated in the seizure of drugs and drug proceeds that resulted from the monitoring of these types of conversations.

8. I have participated in approximately five Organized Crime Drug Enforcement Task Force

AFFIDAVIT IN SUPPORT OF COMPLAINT

2

(OCDETF) investigations. OCDETF is a task force comprised of multiple law enforcement agencies which jointly investigate drug trafficking organizations

9. I have been involved in the execution of numerous state and federal drug-related search warrants. As a result, I have encountered and become familiar with the various tools, methods, trends, paraphernalia, and related articles used by drug traffickers and trafficking organizations in their efforts to import, conceal, manufacture, and distribute controlled substances. I am familiar with the appearance cocaine, methamphetamine, heroin, LSD, MDMA, and marijuana, and other controlled substances. I am familiar with and aware of the terminology used by narcotics traffickers concerning narcotics and narcotics dealing.

10. I have interviewed numerous drug dealers, users, and confidential informants and have discussed with them the lifestyle, appearances, and habits of drug dealers and users, the use and meaning of coded language and the concealment of assets. I have become familiar with the manner in which drug traffickers smuggle, transport, store, and distribute drugs, as well as how they collect and launder drug proceeds. I am also familiar with the manner in which drug traffickers use telephones, cellular telephone technology, coded or slang-filled telephone conversations, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

11. I have gained expertise in the use of a variety of law enforcement techniques, including the application and utilization of wire and electronic interceptions, the utilization of confidential sources and undercover agents, the use of physical surveillance techniques, and various other types of electronic surveillance techniques, such as body wires and transmitters. Additionally, I have gained knowledge and expertise in the utilization of pen register and trap and trace devices; telephone toll analysis; the analysis of traditional types of records, including financial records, telephone records, and utility records; and nontraditional records, including records routinely maintained by drug traffickers listing amounts of drugs delivered and amounts of money owed (also known as pay-and-owe sheets). I have also gained knowledge and expertise in the collection and identification of drug evidence and the analysis and interpretation of taped conversations obtained by the methods detailed above.

12. By virtue of my training and experience, and through my conversations with other agents and officers who conduct drug investigations, I have become familiar with the methods used by drug

AFFIDAVIT IN SUPPORT OF COMPLAINT

3

traffickers to import, transport, safeguard, and distribute drugs, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds.

13. I have personally participated in the investigation discussed in this Affidavit. I have also discussed the investigation with other DEA agents and with other law enforcement agencies involved in it. I have reviewed records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another DEA agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have reviewed. Throughout this Affidavit, all sentences that begin with the words "I believe" are based upon such information. Since this affidavit is submitted for the limited purpose of setting forth probable cause for the requested search warrant, I have not included each and every fact known to me concerning this investigation.

### III.   RELEVANT STATUTES

14. 21 U.S.C. § 841(a)(1) makes it unlawful for a person to knowingly or intentionally possess with intent to distribute controlled substances, including methamphetamine.

15. 18 U.S.C §924(c) makes it unlawful to carry a firearm during and in relation to, or possess a firearm in furtherance of, a drug trafficking crime.

### IV.   PROBABLE CAUSE

16. Santa Rosa Police Department ("SRPD") has been investigating MONDRAGON since approximately January 2016. Through the investigation, SRPD detectives learned that MONDRAGON was involved in methamphetamine distribution, that he resides at 2267 Schaeffer Rd. in Sebastopol, CA, and that he recently began driving a black Cadillac sedan.

17. On September 16, 2016 Sonoma County Superior Court Judge Honorable Robert LaForge authorized a warrant to search MONDRAGON, the residence at 2267 Schaeffer Rd. in Sebastopol, and a black 2005 Cadillac sedan, bearing California License 7BEU563.

18. On September 22, 2016, SRPD detectives and officers, DEA agents, and Sonoma County Sheriff's Deputies (collectively referred to as "agents") executed the search warrant.

AFFIDAVIT IN SUPPORT OF COMPLAINT

4

19.     At approximately 9:30 a.m., prior to the execution of the search warrant at 2267 Schaeffer Rd., SRPD detectives observed MONDRAGON leave from the vicinity of the residence driving the black Cadillac sedan (CA 7BEU563). Officers and detectives conducted a traffic stop on the vehicle and searched both the vehicle and MONDRAGON pursuant to the search warrant. During the search of the vehicle, SRPD detectives found and seized approximately 4.5 ounces of suspected methamphetamine and a loaded 9mm handgun located in the trunk of the vehicle. The suspected methamphetamine was separated into five separate plastic bags, four of which contained approximately one ounce of methamphetamine and one which contained approximately .5 ounces of methamphetamine. All five bags were concealed inside of a sock that was located on top of the spare tire. Agents conducted a field test of the substance contained in one of the five bags. The substance tested presumptively positive for the presence of methamphetamine. The loaded 9mm handgun was located beside the spare tire. The serial number of the handgun had been obliterated.

20.     During the search, SRPD detectives found approximately $3,500.00 US currency in MONDRAGON's pants pocket.

21.     Following the traffic stop and search, MONDRAGON was detained for possession of methamphetamine and the firearm and transported to the SRPD.

22.     At approximately 10:05 a.m., agents executed the search warrant at 2267 Schaeffer Rd. During the search, agents located a bedroom on the north side of the residence that appeared to be MONDRAGON's bedroom. Agents found indicia for MONDRAGON, including his U.S. passport and social security card, in that bedroom.

23.     During the search of MONDRAGON's bedroom, agents found and seized the following:

   a)   Approximately two pounds of suspected methamphetamine located in a shoebox, inside of a large plastic storage container, inside the closet. Agents conducted a field test of the substance and it was presumptively positive for the presence of methamphetamine;

   b)   A loaded Mossberg shotgun, located on a nightstand next to the bed;

   c)   A STEN MK2 9mm submachine gun located on top of a dresser;

   d)   Body armor with rifle plates, located on the floor beside the bed;

   e)   Approximately two pounds of suspected processed marijuana, separated into one-

AFFIDAVIT IN SUPPORT OF COMPLAINT

5

1 | pound bags, located on the floor in the threshold of the closet.

2 |     24.    Agents also located pay and owe sheets and Santa Muerte statues inside the bedroom. I know from my training and experience that Santa Muerte is a popular icon among drug traffickers. Furthermore, in the dining room of the residence, agents located packaging materials consistent with what the packaging of the methamphetamine found in MONDRAGON's vehicle.

## V.    CONCLUSION

    25.    Based on the foregoing, it is my opinion that there is probable cause to believe that the MONDRAGON has violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 924(c). Therefore, I request that the Court issue a complaint and warrant for MONDRAGON's arrest.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Dated: September 23, 2016

_____
DEA Special Agent Patrick O'Kain

Subscribed and sworn to before me this 23 day of September, 2016 in San Francisco, California.

_____
HON. SALLIE KIM
United States Magistrate Judge

AFFIDAVIT IN SUPPORT OF COMPLAINT